Judge Mary Alice Theiler

FILED
LODGED
ENTERED
RECEIVED

JAN 8 2009

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR09-00005-MAT |
| Plaintiff, ) | |
| v. ) | PLEA AGREEMENT |
| PRADYUMNA SAMAL, ) | |
| Defendant. ) | |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and James M. Lord, Assistant United States Attorney for said District, and the defendant, Pradyumna Samal, and his attorney, Robert Perez, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to Counts 1 and 2 of the Information, charging the misdemeanor offenses of Computer Intrusion, in violation of Title 18, United States Code, Section 1030(a)(5)(A)(iii). By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

2. **Elements of the Offenses.** The elements of the offense of Computer Intrusion, as charged in Counts 1 and 2 of the Information, in violation of Title 18, United States Code, Section 1030(a)(5)(A)(iii), are as follows:

PLEA AGREEMENT/Samal
Case No. CR09-00005-MAT- 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  (1)  Defendant intentionally accessed a computer without authorization;

2  (2)  As a result of Defendant's access, Defendant caused damage, that is, impairment to the integrity or availability of data, a program, a system, or information;

3

4  (3)  Third, the impairment resulted in losses to one or more persons during any one year period aggregating at least $5,000.00 in value; and

5

6  (4)  Fourth, the damaged computer was used in interstate or foreign commerce or communication.

7

8  3.  <u>The Penalties</u>. Defendant understands that the statutory penalties for each of the offenses to which Defendant is pleading guilty are as follows: imprisonment for up to one (1) year or if a sentence of probation is imposed up to five years of probation, a fine of up to one hundred thousand dollars ($100,000), a period of supervision following release from prison of up to one (1) year, and a twenty-five ($25) penalty assessment. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing. Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. The Government is not seeking restitution from Defendant personally since codefendant Minecode has agreed to pay restitution in the amount of $120,000 prior to sentencing and to pay any additional restitution as determined by the Court following an evidentiary hearing. Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

PLEA AGREEMENT/Samal
Case No. CR09-00005-MAT- 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of his peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on his behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

5. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

PLEA AGREEMENT/Samal
Case No. CR09-00005-MAT- 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1        a.    The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

        b.    After consideration of the Sentencing Guidelines and the other factors in Title 18, United States Code, Section 3553(a), the Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

        c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

        d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7.    <u>Statement of Facts</u>. Defendant admits he is guilty of the charged offense, and the parties agree on the following facts:

(a)    In the summer of 2006, Vinado contracted Minecode to design and program two website projects for Vinado's website. Thereafter, a contract dispute evolved between Vinado and Minecode. In December 2006, at the direction of Minecode's Chief Executive Officer and President, Pradyumna Samal, Project Manager Sandeep Verma removed the two programs Minecode had designed and programmed for Vinado from Vinado's website, and as a result of such conduct caused damage of at least $5000 to Vinado. A few days later, Vinado successfully restored these two programs from a build test site. However, on or about January 30, 2007, Defendant, without authorization from Vinado, knowingly caused the transmission of a command that deleted Vinado's website, e-mail server, and database. Vinado was unable to recover any of the deleted website data or database records. As a result, damage resulted to Vinado in the amount of at least $115,000.

(b)    Vinado's computer system was used in interstate commerce and communication.

8.    <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to

PLEA AGREEMENT/Samal
Case No. CR09-00005-MAT- 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

9. Acceptance of Responsibility. The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is 16 or greater, his total offense level should be decreased by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the authorities of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If the offense level is less than 16, and if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), his total offense level should be decreased by two levels because Defendant has clearly demonstrated acceptance of responsibility for his offense.

10. Agreed Guideline Adjustments. The parties agree, pursuant to Rule 11(c)(1)(B), that the following sentencing guideline provisions apply to Defendant in this case:

(a) A base offense level of six, pursuant to USSG Section 2B1.1(a)(1);

(b) An eight-level upward adjustment, pursuant to USSG Section 2B1.1(b)(1)(E), for the loss being between $70,000 and $120,000; and

(c) A two-level upward adjustment, pursuant to USSG Section 3B1.1(c) for the defendant being a manager and supervisor of criminal activity.

The parties agree that no other upward or downward adjustments or departures to the Defendant's offense level are applicable, except for a possible two-level upward adjustment for obstruction of justice pursuant to USSG Section 3C1.1, and a possible downward adjustment for acceptance of responsibility as set forth in paragraph 9 above.

11. Voluntariness of Plea. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

PLEA AGREEMENT/Samal
Case No. CR09-00005-MAT- 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  12. Statute of Limitations. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

13. Post-Plea Conduct. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in conduct that would warrant an increase in Defendant's adjusted offense level or justify an upward departure under the Sentencing Guidelines (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the United States is free under this Agreement to seek a sentencing enhancement or upward departure based on that conduct.

14. Waiver of Appeal. As part of this Plea Agreement and on the condition that the Court imposes a sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

 a. any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

 b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence. If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts that were dismissed or not charged pursuant to this Plea Agreement.

PLEA AGREEMENT/Samal
Case No. CR09-00005-MAT- 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1     15.    <u>Completeness of Agreement</u>. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

    Dated this 8th day of January 2009.

_____
PRADYUMNA KUMAR SAMAL
Defendant

_____
ROBERT PEREZ
Attorney for Defendant

_____
JAMES M. LORD
Assistant United States Attorney

PLEA AGREEMENT/Samal
Case No. CR09-00005-MAT- 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970