Judge Mary Alice Theiler

FILED LODGED
ENTERED RECEIVED
JAN 8 2009
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
          Plaintiff, ) NO. CR09-00005-MAT
)
    v. ) PLEA AGREEMENT
)
MINECODE, LLC., )
)
          Defendant. )
_____)

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and James M. Lord, Assistant United States Attorney for said District, and the defendant, Minecode, LLC., and its attorney, Robert Perez, enter into the following corporate Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to Counts 1 and 2 of the Information, charging the misdemeanor offense of Computer Intrusion, in violation of Title 18, United States Code, Section 1030(a)(5)(A)(iii). By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering its plea of guilty, Defendant's Chief Executive Officer and President will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

PLEA AGREEMENT/Minecode LLC.
Case No. CR09-00005-MAT - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

2. <u>Elements of the Offenses</u>. The elements of the offense of Computer Intrusion, as charged in Counts 1 and 2 of the Information, in violation of Title 18, United States Code, Section 1030(a)(5)(A)(iii), are as follows:

(1) Defendant intentionally accessed a computer without authorization;

(2) As a result of Defendant's access, Defendant caused damage, that is, impairment to the integrity or availability of data, a program, a system, or information;

(3) Third, the impairment resulted in losses to one or more persons during any one year period aggregating at least $5,000.00 in value; and

(4) Fourth, the damaged computer was used in interstate or foreign commerce or communication.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for each of the offenses to which Defendant is pleading guilty are as follows: a probationary sentence for up to five (5) years, a fine of up to two hundred thousand dollars ($200,000) or twice the gross loss suffered by the victim, whichever is greater, and a one-hundred and twenty-five dollar ($125) penalty assessment. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing. Defendant understands that in addition to any term of probation and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that by pleading guilty, it knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of his peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;
PLEA AGREEMENT/Minecode LLC.
Case No. CR09-00005-MAT - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

      d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.      The right to confront and cross-examine witnesses against Defendant at trial;

      f.      The right to compel or subpoena witnesses to appear on its behalf at trial;

      g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.      The right to appeal a finding of guilt or any pretrial rulings.

5. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under Chapter 8 of the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

      a.      The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

      b.      After consideration of the Sentencing Guidelines and the other factors in Title 18, United States Code, Section 3553(a), the Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

PLEA AGREEMENT/Minecode LLC.
Case No. CR09-00005-MAT - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    Ultimate Sentence. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7.    Restitution. Defendant shall make restitution to Vinado, Inc., in the amount of at least one hundred twenty thousand dollars ($120,000), the exact amount of which is to be determined by the Court at sentencing. Should the Court consider imposing restitution of greater than $120,000, Defendant anticipates requesting an evidentiary hearing on that issue. Defendant agrees to pay the $120,000 in restitution prior to sentencing. Any additional restitution ordered by the Court shall be due and payable immediately and shall be paid in accordance with a schedule of payments as set by the United States Probation Office and ordered by the Court.

8.    Statement of Facts. Defendant admits it is guilty of the charged offense, and the parties agree on the following facts:

    (a)    In the summer of 2006, Vinado contracted Minecode to design and program two website projects for Vinado's website. Thereafter, a contract dispute evolved between Vinado and Minecode. In December 2006, at the direction of Minecode's Chief Executive Officer and President, Pradyumna Samal, Project Manager Sandeep Verma removed the two programs Minecode had designed and programmed for Vinado from Vinado's website, and as a result of such conduct caused damage of at least $5000 to Vinado. A few days later, Vinado successfully restored these two programs from a build test site. However, on or about January 30, 2007, Defendant, without authorization from Vinado, knowingly caused the transmission of a command that deleted Vinado's website, e-mail server, and database. Vinado was unable to recover any of the deleted website data or database records. As a result, damage resulted to Vinado in the amount of at least $115,000.

    (b)    Vinado's computer system was used in interstate commerce and communication.

9.    Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to

PLEA AGREEMENT/Minecode LLC.
Case No. CR09-00005-MAT - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | prosecute all of the criminal charges that the evidence establishes were committed by Defendant
2 | solely because of the promises made by Defendant in this Agreement. Defendant acknowledges
3 | and agrees, however, that for purposes of preparing the Presentence Report, the United States
4 | Attorney's Office will provide the United States Probation Office with evidence of all relevant
5 | conduct committed by Defendant.

6 |     10.    <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this Plea
7 | Agreement freely and voluntarily, and that no threats or promises, other than the promises
8 | contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

9 |     11.    <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the
10 | Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the
11 | statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:
12 | (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30
13 | days following the date on which a breach of the Plea Agreement by Defendant is discovered by
14 | the United States Attorney's Office.

15 |     12.    <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement
16 | apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of
17 | this Agreement, Defendant should engage in conduct that would warrant an increase in
18 | Defendant's adjusted offense level or justify an upward departure under the Sentencing
19 | Guidelines (examples of which include, but are not limited to: obstruction of justice, failure to
20 | appear for a court proceeding, criminal conduct while pending sentencing, and false statements to
21 | law enforcement agents, the probation officer or Court), the United States is free under this
22 | Agreement to seek a sentencing enhancement or upward departure based on that conduct.

23 |     13.    <u>Waiver of Appeal</u>.    As part of this Plea Agreement and on the condition that the
24 | Court imposes a sentence that is within or below the Sentencing Guidelines range that is
25 | determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:
26 |     a.    any right conferred by Title 18, United States Code, Section 3742 to appeal the
27 |         sentence, including any restitution order imposed; and
28 |     b.    any right to bring a collateral attack against the conviction and sentence, including

PLEA AGREEMENT/Minecode LLC.
Case No. CR09-00005-MAT - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

any restitution order imposed, except as it may relate to the effectiveness of legal representation

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence. If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts that were dismissed or not charged pursuant to this Plea Agreement.

14. <u>Completeness of Agreement</u>. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 8th day of January, 2009.

For MINECODE LLC.
Defendant
(By: Pradyumna Kumar Samal,
President and Chief Executive Officer)

_____
ROBERT PEREZ
Attorney for Defendant

_____
JAMES M. LORD
Assistant United States Attorney

PLEA AGREEMENT/Minecode LLC.
Case No. CR09-00005-MAT - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970